```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    SOUTHERN DIVISION at LONDON
```

NEIL AMBROSE,                   )
                                )
    Plaintiff,                  ) Civil Action No. 6:09-cv-293-JMH
                                )
v.                              )
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF SOCIAL          ) **MEMORANDUM OPINION AND ORDER**
SECURITY,                       )
                                )
    Defendant.                  )
                                )

                    **      **      **      **      **

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of his application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 13].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny the Commissioner's motion and grant the plaintiff's motion.

**I.  OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2.  An individual who is working but does not have a

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

"severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

## II. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

substantial evidence and whether the ALJ employed the proper legal standards in reaching his conclusion. 42 U.S.C. § 405(g) *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), *see Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### III. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for disability benefits on October 18, 2006, alleging an onset of disability of October 17, 2006, due to learning disabilities and back problems. [Administrative Record (hereinafter, "AR") at 106-109, 120-131.] Plaintiff's application was denied upon his initial application and upon reconsideration. Upon Plaintiff's request, a hearing on his application was conducted on October 16, 2008, and his application was subsequently denied by Administrative Law Judge ("ALJ") Traci M. Hixson on February 10, 2009. [AR at 15-39.] Plaintiff timely pursued and exhausted his administrative and judicial remedies, and this matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was thirty-one-years-old at the time of the final decision by the ALJ. [*See* AR at 106.] He has a ninth grade education and past work experience as an assembler at an all-terrain vehicle retail store. [AR at 19, 24.] He suffered

injuries in an automobile accident in 2005. During an evaluation of Claimant, Robert P. Granacher, Jr., M.D., consulting examiner, noted that Ambrose is functionally illiterate, in addition to other matters noted in his evaluation.[2] [AR at 253.]

During the hearing in this matter, the ALJ posed a hypothetical to the vocational expert, inquiring about:

> [A] person of the same age, education and employment history of Mr. Ambrose, who can lift, carry, push and pull 20 pounds occasional[y], 10 pounds frequently, who can stand and walk for 6 hours out of an 8-hour day, but who needs the ability to have a sit/stand option every 30 minute[s], who can sit for 30 , for, for 6 hours, who can, who can do limited, and I define limited as 2 hours or less, who can do limited climbing, bending, stopping, and kneeling.
>
> Who can also perform simple, routine tasks involving no more than simple, short instructions, and simple work-related decisions with few workplace changes, and who has minimal interaction with the public, co-workers, and supervisors.

[AR at 31-32.] The vocational expert identified assembly, ticket seller, and surveillance monitor jobs that could be performed by an individual with the limitations described. [AR at 33-34.]

The ALJ then presented the VE with a second hypothetical in which she described an individual with the same physical limitations who could perform "simple, routine tasks, follow[]

---

[2] Based upon a review of the record in this matter and the pleadings presented by the parties, there appears to be no dispute that Claimant is functionally illiterate.

4

short, simple instructions, who [does] not work[] at production rate pace, who is unable to work in close proximity to others, because he's easily distracted, and *who is not required to read instructions or write reports, or do math calculations*." [AR at 34 (emphasis added).] In response to this inquiry, the VE stated that an individual with those limitations could perform the job of a sedentary surveillance monitor, of which there were approximately 2,000 jobs in the Commonwealth of Kentucky and 100,000 jobs nationally.

At the conclusion of all proceedings, the ALJ made the following findings of fact and conclusions of law in determining that Plaintiff was not entitled to disability benefits:

> 1. The claimant has not engaged in substantial gainful activity since October 17, 2006, the application date (20 CFR 416.971, *et seq.*).
>
> 2. The claimant has the following severe impairments: chronic back pain, borderline intellectual functioning, and panic disorder (20 CFR 416.921, *et seq.*).
>
> 3. The claimant does not have an impairment or combination of impairments that meets [*sic*] or medically equals [*sic*] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1 (20 CFR 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently; stand/walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday with a sit/stand option every 30 minutes. He is limited to occasional (two hours or less) climbing, bending, stooping, and kneeling. The claimant has the ability to do simple, routine tasks involving simple short instructions and simple work-related decisions with few work place changes; and minimal interaction with the public, co-workers, and supervisors.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on September 22, 1977 and was 29 years old, which is defined as a younger individual age 18-49, on the date the application was filed (@0 CFR 416.963).

7. The claimant has a marginal education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a "disability," as defined in the Social Security Act, since October 17, 2006, the date the application was filed (20 CFR 416.920(g)).

[AR at 9-14.]

## IV. ANALYSIS

### A. Error to Omit Consideration of Functional Illiteracy

Claimant argues that the ALJ's determination that he is not disabled is not supported by substantial evidence of record because the ALJ submitted a hypothetical to the vocational expert which did not accurately portray Claimant's condition. Specifically, Claimant complains that the residual functional capacity statement crafted by and ultimately relied upon by the ALJ fails to take into account his functional illiteracy and that, thus, any decision that relies upon a response to that hypothetical would be unsupported by substantial evidence of record. The Court agrees.

6

The ALJ omitted any limitations based on Claimant's functional illiteracy from the first hypothetical presented to the vocational expert and upon which the ALJ later relied in formulating her opinion. In fact, this significant and relevant fact simply goes unmentioned by the ALJ in her decision. The ALJ neither concludes nor rejects a conclusion that Ambrose is functionally illiterate, notwithstanding the undisputed nature of the fact and the second hypothetical crafted by the ALJ which took his functional illiteracy into consideration. All of this is to say that the vocational expert's response, upon which the ALJ relies in the decision rendered on February 10, 2009, was not "given in response to a hypothetical question that accurately describes the plaintiff in all significant, relevant respects." *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). Because the ALJ relied on testimony from the vocational expert which was elicited in response to a hypothetical that failed to take into account the fact that Claimant is functionally illiterate, the decision is not supported by substantial evidence of record. The decision of the ALJ shall be reversed and this matter remanded for further proceedings which take Ambrose's functional illiteracy into account.

   **B.   ALJ Did Not Fail to Account for Panic Attacks or Low Intellectual Functioning Nor Did She Improperly Give More Weight to the Opinion of Non-Treating Source Than to Examining Source**

Ambrose also complains that the ALJ did not account for his panic attacks or low intellectual function in the hypothetical

7

posed to the VE and also erroneously relied upon non-examining sources to the exclusion of the opinions of Robert P. Granacher, Jr., M.D., consulting examiner. In the ALJ's opinion, however, she specifically noted Claimant's reported panic attacks and his Global Assessment of Functioning rating of 65, a rating which Claimant does not dispute. Such limitations are clearly accounted for in the hypotheticals which describe an individual who can "perform simple, routine tasks involving no more than simple, short instructions, and simple work-related decisions with few workplace changes, and who has minimal interaction with the public, co-workers, and supervisors."

Nor did the ALJ give more weight to the non-examining source, H. Thompson Prout, than that of Dr. Granacher. The ALJ stated that she gave "great weight" to the opinion of Dr. Granacher, and, indeed, she relied on it almost exclusively in completing her analysis of Claimant's mental limitations. Although, the ALJ did note that Dr. Prout's assessment of Claimant's abilities was consistent with the residual capacity that she had found as a result of her review of the record, this does not take away from the fact that Dr. Granacher's evaluation serves as the foundation for the decision of the ALJ. Further, Dr. Prout did not disagree with Dr. Granacher's evaluation or findings, and apparently relied upon them in preparing his report. The Court concludes that the ALJ did not err in this regard.

## C. Conclusion

For all of the reasons stated above, the Court concludes that the ALJ's decision was not based on substantial evidence of record as she relied on testimony from the vocational expert which was elicited in response to a hypothetical that failed to take into account the fact that Claimant is functionally illiterate. However, the ALJ did not fail to take into account Plaintiff's panic attacks or low intellectual function in articulating Plaintiff's residual functional capacity, nor did she give greater weight to a non-examining source than that of an examining source as argued by Claimant. It follows that she did not err in these respects.

Accordingly, **IT IS ORDERED**:

(1) That Plaintiff Ambrose's motion for summary judgment [Record No. 10] is **GRANTED;**

(2) That the Commissioner's motion for summary judgment [Record No. 13] be, and the same hereby is, **DENIED;**

(3) That the decision of the ALJ is **REVERSED** and this matter **REMANDED** for further proceedings in keeping with this order.

This the 24th day of September, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9